## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00398-JRG |
| | § | |
| INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.DFILTERS.COM, INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.COACHFILTERS.COM, INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.VNVNV.COM, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Whirlpool Corporation's ("Whirlpool") Renewed Motion for Leave to Effect Alternative Service and Extension of Time to Serve (the "Motion"). (Dkt. No. 6). Having considered the Motion and accompany exhibits and declarations and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

### I.  BACKGROUND

On October 25, 2021, Whirlpool filed the present suit against Defendants The Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com, www.coachfilters.com, and www.vnvnv.com ("Defendants"). (Dkt. No. 1). Whirlpool's Complaint puts for allegations of patent infringement relating to the offers for sale and sales of patent infringing refrigerator water filters through the Defendants' websites www.dfilters.com

("dfilters website"), www.coachfilters.com ("coachfilters website"), and www.vnvnv.com ("vnvnv website"). (Dkt. No. 6 at 1). Specifically, Whirlpool alleges that Defendants own and operate the dfilters website, coachfilters website, and vnvnv website, which offer for sale and sell, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Patent Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820. (Dkt. No. 1 ¶¶ 1–2, 5–10).

Whirlpool previously moved the Court for leave to effect alternative service. (Dkt. No. 4). The Court denied that motion without prejudice, noting that "Whirlpool [did] not allege it undertook an investigation in this case. Instead, Whirlpool offers a conclusory statement that 'based on Whirlpool's experience,' the address is almost certainly invalid." (Dkt. No. 5 at 2). Whirlpool has since hired an investigator to determine whether the Defendants' listed addresses are places where they conduct business. (Dkt. Nos. 6-1, 6-2).

The "Contact Us" page on the dfilters website identifies a physical address: "Flat B, 9/F, Mega Cube, No. 8, Wang Kwong Road, Kowloon, Hong Kong." (Dkt. No. 6-3 ¶ 4). Whirlpool's investigator appeared at the physical address on December 26, 2021. (Dkt. No. 6 at 5; Dkt. No. 6-2 ¶ 1). The investigator found that the particularly room was closed. (Dkt. No. 6-2 ¶ 2). However, the investigator found a notice on the door that indicated that a company named Hong Kong Xinlong Source Int'l Business Limited ("Xinlong Source Company") was present at this location. (*Id.*). The investigator then conducted an online investigation of Xinlong Source Company by using the Administration of Industry and Commerce database. (*Id.* ¶ 3). The investigation revealed that Xinlong Source Company operates www.xlysw.com, which appears unrelated to water filters or the dfilters website. (*Id.* ¶¶ 4–5).

Unlike the dfilters website, the coachfilters website does not provide a physical address, but does provide a company name: "Shenzhen Qitunshanhe E-commerce Co., Ltd." (Dkt. No. 6-4). Whirlpool's investigator researched Shenzhen Qitunshanhe E-commerce Co., Ltd. using the National Enterprise Credit Information Publicity System ("NECIPS"), which is established by the State Administration for Market Regulation. (Dkt. No. 6-1 ¶¶ 4–5). The investigator found that there is no company registered with the name "Shenzhen Qitunshanhe E-commerce Co., Ltd." (*Id.* ¶ 6). However, the investigator found a registered company with a similar name: "Shenzhen Qitunshanhe E-commerce Technology Co., Ltd." (*Id.* ¶ 7). On December 30, 2021, Whirlpool's investigator appeared at the registered address of Shenzhen Qitunshanhe E-commerce Technology Co., Ltd., which is 07B, 17th Floor, Changhong Science and Technology Building, Keji South 12th Road, Yuehai Street, Nanshan District, Shenzhen. (*Id.* ¶¶ 7–8). The investigator found no room marked 07B on the 17th floor of the building. (*Id.* ¶ 8). Instead, there was a room marked 1706-1707, where a company named Shenzhen Bohao Optoelectronic Technology Co., Ltd. was operating. (*Id.*). The investigator spoke with an employee of said company, and the employee noted that the company deals in mobile phone accessories and electronic digital products. (*Id.* ¶ 9). The employee further informed the investigator that they did not know of a company named Shenzhen Qitunshanhe E-commerce Technology Co., Ltd., nor do they know the coachfilters website. (*Id.*).

The "Contact Us" page on the vnvnv website identifies a physical address: "501, Building 2, TOD, No.7, Lipu Street, Dafapu Community, Bantian Street, Longgang District, Shenzhen, Guangdong, China." (Dkt. No. 6-9). Whirlpool's investigator appeared at the physical address on December 23, 2021. (*Id.* ¶¶ 1–2). The investigator discovered that a company named Shenzhen Hai Bo'ou Technology Co., Ltd. was operating at the address. (*Id.* ¶ 2). The investigator spoke

with an employee of said company and learned that the company is engaged in cross-border e-commerce business. (*Id.* ¶ 3). The employee further noted that the company's website is www.happotech.com, which appears unrelated to water filters. (*Id.*). The employee also told the investigator that they had not heard of the vnvnv website. (*Id.*).

In light of the aforementioned facts, Whirlpool argues that Defendants' identities and addresses are unknown and seeks to serve Defendants by alternative means.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Fed. R. Civ. P. 4 (f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > (C) unless prohibited by the foreign country's law, by:
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Here, Defendants are believed to be Chinese, and China is a signatory to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members.

### III.   DISCUSSION

#### A.   Alternative Service

Whirlpool argues it should be permitted to serve Defendants via electronic mail because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f)(3) and Due Process.

##### 1.   Applicability of Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service." *RPost Holdings, Inc. v. Kagan*, Case No. 2:11-cv-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, Case No. 3:10-cv-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). "'[The Hague] Convention shall not apply where the address of the person to be served with the document is not known.'" *RPost*, 2012 WL 194388 at *1 (quoting *Gramercy*, 2011 WL 1791241 at *1). Based on the evidence presented by Whirlpool, Defendants have purposefully obfuscated their physical location and identities. Dkt. No. 6 at 12–15. Despite Whirlpool's reasonable efforts, Defendants' identities and addresses remains unknown. *Id.* Whirlpool cannot serve Defendants according to the Hague Convention because they cannot be found and are not located at their listed addresses (if one is listed at all). *Id.* Based on all the evidence presented by Whirlpool, the Court finds that Whirlpool has expended material efforts to comply with the Hague Convention. Whirlpool tried to identify the operators of the dfilters website, coachfilters website, and vnvnv website as well as locate Defendants' physical addresses, all in an effort serve Defendants as the Hauge would require. However, Whirlpool's efforts have not borne fruit. Dkt. No. 6 at 15. Nothing before the Court disputes or challenges that Defendants' actual whereabout remain unknown. The Court finds that under these facts, the Hague Convention is inapplicable and service of process under Rules 4(f)(3) and h(2) is not prohibited by international agreement.

## 2. Reasonableness of Alternative Method of Service

An effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Again, despite serious efforts by Whirlpool, it has not been able to identify and locate the operators of the dfilters website, coachfilters website, and vnvnv website. This leaves the only identifiable means of contacting Defendants through the identified actively monitored electronic mail address. Dkt. No. 6 at 10–14. Whirlpool identified electronic mail addresses it argues are being monitored by Defendants. Dkt. No. 6 at 13–14. Serving Defendants through actively monitored electronic mail addresses will provide adequate notice of the suit. The Court finds that service on the monitored dfilters website, coachfilters website, and vnvnv website electronic mail addresses is an appropriate means for notifying Defendants of this action. Indeed, it appears the electronic mail addresses may be the only method to effect service. While the Court is cognizant of Defendants' due process rights, the limited number of options left to effect service are limited because of Defendants' conduct, not Whirlpool's. Requiring Whirlpool to undertake additional investigations to further attempt ordinary service would considerably increase delay and expense. *See In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Appeal No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021); *SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, Case No. 2:20-cv-003, 2021 WL 3493168, at *3 (E.D. Tex. Mar. 16, 2021). Additionally, "Rule 4(f)(3) is not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643 at *3.

### B. Extension of Time to Serve Defendant

For cases involving foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for timeliness. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012). Under that standard, the Court finds that it is appropriate to give Whirlpool fourteen (14) days following the entry of this Order to effect alternative service on Defendants.

### IV. CONCLUSION AND ORDER

In view of the numerous factors suggesting that service by electronic mail is the most likely method of providing actual and meaningful notice to Defendants, the Motion is **GRANTED**. Accordingly, it is **ORDERED** that Whirlpool serve Defendants by effecting alternative service through the monitored support@dfilters.com, support@coachfilters.com, and support@vnvnv.com electronic mail addresses. The electronic mail sent for this purpose must include the same information that would be delivered if traditional in-person delivery were possible. Upon completion of such alternative service, Whirlpool shall file a Notice supported by a clear personal declaration as to the completion of such alternative service, together with a copy of the electronic mail as sent and such supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon Defendants. Further, Whirlpool is **GRANTED** fourteen (14) days following the entry of this Order to effect alternative service on Defendants and file the subsequent Notice required herein.

**So ORDERED and SIGNED this 2nd day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE