IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00398-JRG |
| | § | |
| INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.DFILTERS.COM, INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.COACHFILTERS.COM, INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.VNVNV.COM, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Whirlpool Corporation's ("Whirlpool") Motion for Default Judgment and Permanent Injunction (the "Motion"). (Dkt. No. 15). Having considered the Motion and accompany exhibits and declarations and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

**I.  BACKGROUND**

On October 25, 2021, Whirlpool filed the present suit against Defendants The Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com, www.coachfilters.com, and www.vnvnv.com ("Defendants"). (Dkt. No. 1). Whirlpool's Complaint puts forth allegations of patent infringement relating to the offers for sale and sales of patent infringing refrigerator water filters through the Defendants' websites www.dfilters.com

("dfilters website"), www.coachfilters.com ("coachfilters website"), and www.vnvnv.com ("vnvnv website"). (Dkt. No. 6 at 1). Specifically, Whirlpool alleges that Defendants own and operate the dfilters website, coachfilters website, and vnvnv website, which offer for sale and sell, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Patent Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820. (Dkt. No. 1 ¶¶ 1–2, 5–10).

Whirlpool previously moved the Court for leave to effect alternative service. (Dkt. No. 4). The Court denied that motion without prejudice, noting that "Whirlpool [did] not allege it undertook an investigation in this case. Instead, Whirlpool offers a conclusory statement that 'based on Whirlpool's experience,' the address is almost certainly invalid." (Dkt. No. 5 at 2). Whirlpool has since hired an investigator to determine whether the Defendants' listed addresses are places where they conduct business. (Dkt. Nos. 6-1, 6-2).

The "Contact Us" page on the dfilters website identifies a physical address: "Flat B, 9/F, Mega Cube, No. 8, Wang Kwong Road, Kowloon, Hong Kong." (Dkt. No. 6-3 ¶ 4). Whirlpool's investigator appeared at the physical address on December 26, 2021. (Dkt. No. 6 at 5; Dkt. No. 6-2 ¶ 1). The investigator found that the particular room was closed. (Dkt. No. 6-2 ¶ 2). However, the investigator found a notice on the door that indicated that a company named Hong Kong Xinlong Source Int'l Business Limited ("Xinlong Source Company") was present at this location. (*Id.*). The investigator then conducted an online investigation of Xinlong Source Company by using the Administration of Industry and Commerce database. (*Id.* ¶ 3). The investigation revealed that Xinlong Source Company operates www.xlysw.com, which appears unrelated to water filters or the dfilters website. (*Id.* ¶¶ 4–5).

2

Unlike the dfilters website, the coachfilters website does not provide a physical address, but does provide a company name: "Shenzhen Qitunshanhe E-commerce Co., Ltd." (Dkt. No. 6-4). Whirlpool's investigator researched Shenzhen Qitunshanhe E-commerce Co., Ltd. using the National Enterprise Credit Information Publicity System ("NECIPS"), which is established by the State Administration for Market Regulation. (Dkt. No. 6-1 ¶¶ 4–5). The investigator found that there is no company registered with the name "Shenzhen Qitunshanhe E-commerce Co., Ltd." (*Id.* ¶ 6). However, the investigator found a registered company with a similar name: "Shenzhen Qitunshanhe E-commerce Technology Co., Ltd." (*Id.* ¶ 7). On December 30, 2021, Whirlpool's investigator appeared at the registered address of Shenzhen Qitunshanhe E-commerce Technology Co., Ltd., which is 07B, 17th Floor, Changhong Science and Technology Building, Keji South 12th Road, Yuehai Street, Nanshan District, Shenzhen. (*Id.* ¶¶ 7–8). The investigator found no room marked 07B on the 17th floor of the building. (*Id.* ¶ 8). Instead, there was a room marked 1706-1707, where a company named Shenzhen Bohao Optoelectronic Technology Co., Ltd. was operating. (*Id.*). The investigator spoke with an employee of said company, and the employee noted that the company deals in mobile phone accessories and electronic digital products. (*Id.* ¶ 9). The employee further informed the investigator that they did not know of a company named Shenzhen Qitunshanhe E-commerce Technology Co., Ltd., nor do they know the coachfilters website. (*Id.*).

The "Contact Us" page on the vnvnv website identifies a physical address: "501, Building 2, TOD, No.7, Lipu Street, Dafapu Community, Bantian Street, Longgang District, Shenzhen, Guangdong, China." (Dkt. No. 6-9). Whirlpool's investigator appeared at the physical address on December 23, 2021. (*Id.* ¶¶ 1–2). The investigator discovered that a company named Shenzhen Hai Bo'ou Technology Co., Ltd. was operating at the address. (*Id.* ¶ 2). The investigator spoke

3

with an employee of said company and learned that the company is engaged in cross-border e-commerce business. (*Id.* ¶ 3). The employee further noted that the company's website is www.happotech.com, which appears unrelated to water filters. (*Id.*). The employee also told the investigator that they had not heard of the vnvnv website. (*Id.*).

In light of the aforementioned facts, Whirlpool moved to serve Defendants by alternative means given that Defendants' identities and addresses were unknown. (Dkt. No. 6). The Court granted that motion and permitted Defendants to be served via electronic mail. (Dkt. No. 7). Whirlpool completed said service on February 8, 2022 (Dkt. No. 9), and a Clerk's default was entered against Defendants on March 2, 2022 (Dkt. No. 13). Whirlpool now seeks entry of a default judgment and a permanent injunction against Defendants. (Dkt. No. 15).

## II.   LEGAL STANDARD

### A.   Default Judgment

Upon entry of default by the Clerk, the Court has the discretion to enter a default judgment against a defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725 at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)). For the Court to enter a default judgment, a plaintiff must make a prima facie showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). There must be a sufficient basis in the pleadings for any relief requested. *See Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). The Court should also consider "[r]elevant factors . . . [such as] whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the

4

court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

### B.     Permanent Injunction

District Courts may enter a permanent injunction to restrain a party from patent infringement "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  There are four findings the Court must make when deciding to issue an injunction: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## III.    DISCUSSION

### A.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. (Dkt. No. 1 ¶¶ 6, 7, 9, 11).  "By failing to answer the complaint, the defendants admit the wellpleaded factual allegations therein and '[are] barred from contesting on appeal the facts thus established.'" *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-cv-373-KFG, 2012 U.S. Dist. LEXIS 63293 at *7 (E.D. Tex. Feb. 2, 2012) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Once in default, all facts in the operative complaint are taken as true. *See Frame*, 967 F.2d at 205.  This Court has personal jurisdiction over Defendants because Defendants or their domestic shipping agents have shipped accused products in this matter to consumers in the State of Texas, including to consumers in the Eastern District of Texas. (Dkt. No. 1 ¶¶ 6, 7, 9, 11).  This Court is the proper venue for this action because Defendants are not residents in the United States, thus, suit could have been brought in any judicial

district.  28 U.S.C. § 1391(b)(3).  Defendants have been properly served with the summons and operative complaint and have failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure.  (Dkt. Nos. 7, 8, 9).

### B.	Default Judgment

The grounds for default judgment against Defendants have been clearly established.  There is no evidence that Defendants' default was caused by good faith mistake or excusable neglect and no showing that that substantial prejudice or undue harshness would result from a default judgment.  *Lindsey*, 161 F.3d at 893.  Default Judgement is appropriate against the Defendants.  There are no material facts that preclude entry of default judgment.  Whirlpool has properly issued summons and served the Defendants.  (*See* Dkt. Nos. 7, 8, 9).  Whirlpool has pleaded its claim of patent infringement with sufficient specificity to warrant entry of default judgment.  (Dkt. No. 1 ¶¶ 27–103; Dkt. No. 15 at 12–13).  With respect to any prejudice to the Defendants or harshness in entering default, Defendants' failure to appear, or otherwise answer, in the matter significantly weighs in favor of entering default judgment. Defendants have received ample notice and time to respond to Whirlpool's complaint; and have not done so.  The prejudice to Whirlpool is clearly outweighed by any prejudice or harshness of a default judgment.  *See Barnett v. A S & I, LLC*, No. 3:13-cv2464-BN, 2014 WL 6884010 at *4 (N.D. Tex. Dec. 8, 2014).

As stated above, Defendants have been properly noticed and received significant time and opportunity to respond—Defendants' inaction is not the result of excusable neglect or mistake.

### C.	Permanent Injunction

#### 1.	Irreparable Harm

Whirlpool will suffer irreparable harm if the Defendants continue selling the accused products. Whirlpool's EveryDrop Filter 1, Filter 2, Filter 3, and ICE2 filters practice the patents-in-suit. (Dkt. No. 15 at 13; Dkt. No. 1 ¶¶ 30, 35, 43, 47, 56, 60, 70, 73, 82, 85, 95, 98).  Whirlpool

has articulated that as a result of Defendants selling the accused products Whirlpool suffered from a loss of market share and price erosion. (Dkt. No. 15 at 14–17). Whirlpool has presented sufficient evidence to show irreparable harm. *See Golden Hour Data Sys. v. emsCharts, Inc*, No. 2:06-cv-381, 2014 U.S. Dist. LEXIS 95640 at *34 (E.D. Tex. Mar. 31, 2014) ("Loss of market share and price erosion are both valid grounds for finding irreparable harm.").

### 2. Legal Remedies

There are no adequate remedies at law. Defendants have not appeared and are all foreign entities with unknown addresses and no discernable domestic assets. There is serious doubt that Whirlpool would be able to collect any damages award. *See Bianco v. Global Medical, Inc.*, No. 2:12–CV–00147–WCB, 2014 WL 1049067 at *13 n.4 (E.D. Tex. Mar. 17, 2014) (citing *Acticon Technologies v. Heisei Electronics Co.*, No. 06–CV–4316 (KMK), 2008 WL 356872 (S.D.N.Y. Feb. 5, 2008) (noting that because a defendant defaulted, damages were difficult to ascertain and there was serious doubt as to whether the plaintiff could collect a damages award)).

### 3. Balance of Hardships

The balance of hardships strongly weighs in favor of granting a permanent injunction. Allowing Defendants to continue selling infringing products will continue to significantly diminish Whirlpool's market share and erode prices. In contrast, there are no discernable hardships to the Defendants. Any hardships related to costs or expenses incurred by engaging in the business of manufacturing infringing goods should be disregarded. *See i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (holding that the infringing party's expenses in creating the infringing products, consequences such as redesign costs, or loss of the opportunity for further commercial success should be ignored).

   **4.**  **Public Interest**

Public interest "is best served by enforcing patents that are likely valid and infringed." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1338 (Fed. Cir. 2012). Accordingly, this factor weighs in favor of granting a permanent injunction

  **D.**  **Costs and Fees**

Whirlpool has moved the Court for attorney's fees under 35 U.S.C. § 285 and for costs under Fed. R. Civ. P. 54(d)(1). (Dkt. No. 15 at 20–22). Given that all allegations are taken as true, Defendants have admitted that their infringement is willful. (Dkt. No. 1 ¶¶ 39, 50, 52, 64, 66, 76, 78, 89, 91, 101, 103). Attorney's fees may be given in circumstances where the infringement is willful. In support of its request for attorney's fees, Whirlpool submitted the declaration of Jeffrey D. Harty, wherein he requests $20,209.50. (Dkt. No. 15-2). The Court finds this to be reasonable under the circumstances. Given Whirlpool will be considered the prevailing party in this suit, an award of costs is appropriate. *See Power-One, Inc. v. Artesyn Technologies, Inc.*, No. 2:05-cv-463, 2008 WL 4065871 at *3–*4 (E.D. Tex. Aug. 27, 2008).

**IV.**  **CONCLUSION**

For the reasons stated herein, Whirlpool's Motion is **GRANTED**. A default judgment and permanent injunction as set forth herein will be entered.

  **So ORDERED and SIGNED this 2nd day of June, 2022.**

_____<br>
RODNEY GILSTRAP<br>
UNITED STATES DISTRICT JUDGE